# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK MARTIN, | 1:07-CV-00939 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| | [Doc. #12] |
| IVAN D. CLAY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on March 21, 1997, of possession of ammunition by a person prohibited from possessing a firearm, two counts of exhibiting a weapon other than a firearm, and one count of leaving the scene of an automobile accident which caused property damage. See Lodged Doc. No. 1.[1] The jury also found true the allegations that Petitioner had been released on bail at the time of the offenses, he had suffered three prior felony convictions within the meaning of California's Three Strikes law, and he had served a prior prison term. Id. On April 18, 1997, Petitioner was sentenced to serve an

---

[1] "Lodged Document" refers to the documents lodged by Respondent in support of his motion to dismiss.

indeterminate term of 28 years to life in state prison. Id.

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On July 31, 1998, the Fifth DCA affirmed the judgment. See Lodged Doc. No. 2. Petitioner filed a petition for review in the California Supreme Court on September 1, 1998. See Lodged Doc. No. 3. The petition for review was summarily denied without comment or citation of authority on October 14, 1998. See Lodged Doc. No. 4.

Petitioner then filed four post-conviction collateral challenges with respect to the pertinent judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1. Stanislaus County Superior Court
   Filed: June 10, 1999;
   Denied: June 17, 1999;

2. Stanislaus County Superior Court
   Filed: May 9, 2002[2];
   Denied: June 11, 2002;

3. Fifth DCA
   Filed: December 29, 2004[3];
   Denied: January 14, 2005;

4. California Supreme Court
   Filed: August 21, 2005[4];
   Denied: August 2, 2006[5];

See Lodged Docs. Nos. 5-8, 15-16, 23-24.

On June 29, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On October 16, 2007, Respondent filed a motion to dismiss the petition as being filed outside

---

[2] Although the petition was filed in the Stanislaus County Superior Court on May 17, 2002, the petition was dated May 9, 2002. In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001), citing Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore under the mailbox rule, the Court deems the petition filed on May 9, 2002, the date Petitioner presumably handed his petition to prison authorities for mailing.

[3] The petition was actually filed in the Fifth DCA on January 3, 2005; however, it was signed and dated December 29, 2004, by Petitioner. Under the mailbox rule, the Court deems the petition filed on December 29, 2004, presumably the date Petitioner handed the petition to prison authorities.

[4] The petition was filed on September 19, 2005; however, pursuant to the mailbox rule the Court considers it filed on August 21, 2005, the date Petitioner signed the petition.

[5] The petition was denied with citation to In re Robbins, 18 Cal.4th 770, 780 (1998).

the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition to Respondent's motion to dismiss on November 2, 2007. Respondent filed a reply to Petitioner's opposition on November 20, 2007.

## DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on June 29, 2007, and therefore, it is subject to the

provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on October 14, 1998.  Thus, direct review concluded on January 12, 1999, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner had one year from January 13, 1999, until January 12, 2000, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed filing the instant petition until June 29, 2007, over seven years beyond the due date.  Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In

Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations began to run on January 13, 1999. Petitioner filed his first state habeas petition on June 10, 1999, and the petition was denied on June 17, 1999. Under § 2244(d)(2), he is entitled to tolling for the eight days the petition was pending. Therefore, the limitations period was extended an additional eight days and expired on January 20, 2000. Petitioner did not file his next state habeas petition until May 17, 2002, over two years after the limitations period had expired. Because the limitations period had already expired, the collateral challenge had no tolling consequence. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). In addition, Petitioner is not entitled to tolling for the interval between his first two state petitions, because Petitioner was not proceeding to the next level of the state court system and also because he unduly delayed between filings. Further, all subsequent petitions did not operate to toll the statute of limitations as the limitations period had long before expired. The Court also notes that the time the last petition was pending in the California Supreme Court could not toll the limitations period because it was denied as untimely with citation to In re Robbins, 18 Cal.4th 770, 780 (1998).

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner argues he should be given equitable tolling because he was without his legal materials for a period of time. Apparently, Petitioner sent his documents to his sister and her friend who is an attorney on February 25, 2000, and April 4, 2000. He claims he was without his materials until he received them back on March 23, 2001. Nevertheless as pointed out by Respondent, at the time Petitioner sent off his legal materials the limitations period had already expired. Therefore, the limitations period cannot be tolled for this time period.

Petitioner also claims he realized after filing his first state habeas petition in June of 1999 that he was illiterate and not learned in the law. Petitioner's claim of illiteracy and ignorance of the law is insufficient to justify equitable tolling. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Petitioner's circumstances are no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus.  If lack of legal training and ignorance of the law were excuses for not complying with the limitations period, Congress would never have enacted the AEDPA as most incarcerated prisoners share these same problems. Moreover, the record of Petitioner's numerous state court habeas petitions belies his claim that these conditions stood in his way.[6]

Petitioner also claims he should be allowed to bypass the procedural bar of the limitations period because he is actually innocent. In this case, he has not met the standard for actual innocence.

---

[6] Aside from the four state petitions Petitioner filed with respect to the pertinent judgment, he filed seven other state petitions with respect to separate convictions.

Petitioner must show that the alleged constitutional error "has probably resulted in the conviction of one who is actually innocent." <u>Bousley v. United States</u>, 118 S.Ct. 1604, 1611 (1998), *quoting*, <u>Murray v. Carrier</u>, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986). He must demonstrate that in light of the evidence no reasonable juror would have found him guilty. <u>Schlup v. Delo</u>, 513 U.S. 298, 329, 115 S.Ct. 851, 867-68 (1995). Petitioner presents no such evidence.

In sum, Petitioner has failed to demonstrate that some extraordinary obstacle prevented him from timely filing his federal petition. In addition, Petitioner has not acted diligently in pursuing his federal remedies. As the Court finds no reason to equitably toll the limitations period, the instant petition remains untimely and must be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of CA.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 28, 2007**                /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE