UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK MARTIN, | ) | 1:07-CV-00939 OWW SMS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #21] |
| v. | ) | |
| | ) | ORDER GRANTING MOTION TO DISMISS |
| | ) | [Doc. #12] |
| | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS AND DIRECTING |
| IVAN D. CLAY, Warden, | ) | CLERK OF COURT TO ENTER JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING TO ISSUE |
| | ) | CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 28, 2007, the Magistrate Judge issued a Findings and Recommendation that recommended Respondent's Motion to Dismiss be GRANTED and the Petition for Writ of Habeas Corpus be DISMISSED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On January 2, 2008, Petitioner filed objections to the Findings and Recommendation.

1  Respondent did not reply to Petitioner's objections or file his own objections.

2      In his objections, Petitioner raises numerous issues. First, he complains the Magistrate Judge
3  improperly entered her Findings and Recommendation in contravention of the briefing schedule.
4  Petitioner argues the Magistrate Judge did not wait eight (8) days following Respondent's reply to
5  Petitioner's opposition to the Motion to Dismiss. Petitioner's argument is not well taken. In the
6  briefing schedule, the Magistrate Judge granted Respondent the option to file a Motion to Dismiss.
7  In the event a Motion to Dismiss was filed, Petitioner was granted leave to file an opposition within
8  eighteen (18) days, plus three (3) days for mailing. If Petitioner filed an opposition, Respondent was
9  allowed eight (8) days, plus three (3) days for mailing, to file a reply to said opposition. At that point,
10 briefing concluded. Petitioner's assertion that the Magistrate Judge's briefing order granted him an
11 additional eight (8) days to file a reply to Respondent's reply finds no support in said order.
12 Therefore, the Magistrate Judge properly entered the Findings and Recommendation.

13     Petitioner argues that certain dates determined by the Magistrate Judge in the calculation of
14 the limitations period were erroneous. The Magistrate Judge found that the first petition for writ of
15 habeas corpus filed in the Stanislaus County Superior Court was denied on June 17, 1999. Petitioner
16 contends it was not denied until July 26, 1999. In support of his argument, Petitioner points to a
17 July 26, 1999, ruling by the superior court denying the habeas petition. See Exhibit to Petitioner's
18 Reply [Doc. #23]. The ruling arguably disposed of the habeas petition as Petitioner contends.
19 However, as shown by the lodged denial order, the superior court arguably denied the very same
20 petition on June 17, 1999, as determined by the Magistrate Judge. See Lodged Doc. No. 6.[1] The
21 Court is uncertain what to make of the two conflicting orders by the superior court, and the parties
22 do not shed light on the issue. Therefore, the Court will assume the latter date since the second order
23 is more specific and conclusive.[2] Accounting for this new date, the limitations period expired on
24 February 27, 2000.

25     Petitioner also argues that the second petition filed in the superior court was denied on

---

[1] "Lodged Doc." refers to the documents lodged by Respondent with his Motion to Dismiss.

[2] The first order states: "IT IS ORDERED that Defendant's **request** is DENIED." See Lodged Doc. No. 6. Presumably, if the court was referring to the actual petition, it would not refer to it as a "request."

1  October 24, 2003, not on June 11, 2002, as determined by the Magistrate Judge. Petitioner's
2  argument is persuasive. The superior court's order of June 11, 2002, clearly shows the petition was
3  struck without prejudice. See Lodged Doc. No. 8. However, as Petitioner now submits, the case was
4  reopened on July 15, 2002, when he filed a proof of service. See Exhibit N, Petitioner's Opposition.
5  Petitioner argues the case was denied on October 24, 2003. He does not provide proof of this date,
6  but Respondent does not contest it so the Court will accept if for purposes of calculating the
7  limitations period. Nevertheless, the new date does not aid Petitioner since the limitations period
8  expired long before this second petition was filed.
9      For the balance of his objections, Petitioner sets forth a chronology of his efforts in pursuing
10 his remedies in an attempt to demonstrate diligence. He argues the limitations period should be
11 equitably tolled for the more-than-seven-year delay in filing his federal petition. As found by the
12 Magistrate Judge, his arguments are meritless. The limitations period is subject to equitable tolling if
13 the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some
14 extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see
15 also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct.
16 (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696,
17 701 (9th Cir. 1996), cert denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts
18 that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002);
19 Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).
20     The chronological history Petitioner presents shows he has been continuously working on his
21 various cases. However, he completely fails to demonstrate that some extraordinary circumstance
22 stood in his way. Pace, 544 U.S. at 418; see also Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003)
23 (Equitable tolling only available when "extraordinary circumstances beyond a prisoner's control
24 make it impossible to file a petition on time."). The seven year delay was not caused by any
25 extraordinary circumstance beyond Petitioner's control. Rather, the delay was completely due to the
26 manner in which he pursued his legal remedies. Moreover, the majority of his efforts consisted of
27 numerous letters seeking information related to his prior convictions, which are not a subject of this
28 petition. The instant petition challenges the underlying conviction, and any challenge to Petitioner's

prior convictions must be brought by separate petition.

Petitioner attempts to bypass the procedural bar by arguing he is actually innocent. Neither the Supreme Court nor the Ninth Circuit have resolved the question whether the Constitution requires creating an actual innocence exception to the statute of limitations. <u>Majoy v. Roe</u>, 296 F.3d 770 (9th Cir.2002). Even if the Court were to conclude that an actual innocence exception to a violation of the limitations period existed, Petitioner has not met the standard for actual innocence. To demonstrate actual innocence, Petitioner must show that the alleged constitutional error has probably resulted in the conviction of one who is actually innocent. <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995), <u>Majoy</u>, 296 F.3d 770. He must demonstrate that in light of the evidence no reasonable juror would have found him guilty. <u>Schlup</u>, 513 U.S. at 329. Petitioner's arguments and the various self-serving declarations he submits fail to demonstrate a likelihood that he is actually innocent.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections, except for modification of the two dates discussed above.

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>       (A) the final order in a habeas corpus proceeding in which the

    detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued November 28, 2007, is ADOPTED IN FULL;

2. Respondent's Motion to Dismiss is GRANTED;

3. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice;

4. The Clerk of Court is DIRECTED to enter judgment; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   January 25, 2008**　　　　　　　　　/s/ Oliver W. Wanger
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE